*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SHAWN TRAPP,

            Plaintiff,

    v.

STATE OF NEW JERSEY, CITY OF
ELIZABETH NEW JERSEY, ELIZABETH
MUNICIPAL COURT, ELIZABETH
POLICE DEPARTMENT, GEORGE
LEUS, and ROBERT CARROLL,

            Defendants.

Civil Action No. 17-10709 (FLW) (LHG)

OPINION

---

**WOLFSON, United States District Judge:**

    Pending before the Court are two separate motions to dismiss filed by i) Defendant the State of New Jersey ("the State" or "State Defendants"); and ii) Defendants the City of Elizabeth, the Elizabeth Municipal Court ("Municipal Court"), Municipal Court Judge Roman Montes, the Elizabeth Police Department, and Elizabeth Municipal Prosecutor Robert Carroll ("Municipal Defendants") (collectively, the "Moving Defendants"). *Pro se* Plaintiff Shawn Trapp ("Trapp" or "Plaintiff") instituted this suit against Moving Defendants, as well as Elizabeth police officer George Leus (together with the Moving Defendants, "Defendants"), for violations of his constitutional rights in connection with his arrest by Defendant Leus and prosecution by Defendant Carroll. In their motions, Moving Defendants maintain that this Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim. For the following reasons, Moving Defendants' motions to dismiss are **GRANTED** and Plaintiff's claims are **DISMISSED**.

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brings this matter against Defendants alleging malicious prosecution, abuse of process, and false imprisonment. In his complaint, Trapp alleges that he brings this suit under "Article III of the United States Constitution; Article V of the United States Constitution, Due process Clause, The Brady Doctrine, 8 U.S.C. 1324c(a), 18 U.S.C. 371, 18 U.S.C. 1621." ECF No. 1 at 3.

Trapp alleges that on April 25, 2015, he was assaulted and arrested by Leus, an officer of the Elizabeth Police Department. *Id.* at 4. He further alleges that after his arrest he was subjected to malicious prosecution and abuse of process by Carroll, a prosecutor in the underlying municipal court proceedings. *Id.* Approximately two and a half years after the alleged assault, on November 2, 2017, Plaintiff filed the present civil action. *Id.* In his Complaint, Plaintiff alleges that Leus assaulted him during the course of his arrest; that Carroll engaged in "fraud on the court and subornation of perjury", as well as "abuse of process," "malicious prosecution," "selective prosecution," and engaged in "ex parte communication with the court"; that the Elizabeth Police Department subjected him to false imprisonment, "failed to file his Internal Affairs complaint," and "failed to turn over the DVD of the in station cameras." *Id.* With respect to the Municipal Court itself, he claims that 1) it failed to provide any judge with motions he filed; 2) it failed to provide the judge's notes from the judge hearing the case; 3) it assisted Defendant in the alleged malicious prosecution and abuse of process; 4) the Municipal Court, and specifically Judge Montes, had *ex parte* communications with Carroll and improperly issued several warrants against Plaintiff. *Id.* Plaintiff also asserts that the City of Elizabeth "failed to provide safeguards" to prevent any of these alleged wrongs from happening and "failed to provide adequate training for the Elizabeth Police Department." *Id.* Plaintiff asserts that the

State is named as a Defendant because Carroll represented the State in the criminal proceeding against him. *Id.*

Municipal Defendants move to dismiss the Complaint. ECF No. 11. Municipal Defendants argue that the claims against them should be dismissed based on sovereign immunity, judicial immunity, prosecutorial immunity, and because the Elizabeth Police Department is not a party that can be sued under Section 1983. The State seeks dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(1), of all claims against it, invoking Eleventh Amendment sovereign immunity. ECF No. 22.[1]

Plaintiff filed his *pro se* Complaint on November 2, 2017. On February 1, 2018, Municipal Defendants filed their motion to dismiss. On February 28, 2018, Plaintiff filed a notice of motion seeking a default judgment against the State, which this Court denied on March 22, 2018, while granting the State's cross claim for an extension of time to file a responsive pleading. The State filed its motion to dismiss on April 3, 2018. Plaintiff did not file any opposition.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Because subject matter jurisdiction is required for a district court to reach the merits of a claim, "the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Bishop v. Department of Homeland Sec.*, No. 14-5244, 2015 WL 2125782, at * 2 (D.N.J. May 6, 2015). Unlike a Rule

---

[1] Plaintiff additionally has pending claims against Officer Leus, who has yet to move for dismissal.

12(b)(6) motion, there is no presumption of truth attached to the allegations in the complaint when determining the court's subject matter jurisdiction. *See id.; see also Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d Cir. 1977).

A Rule 12(b)(1) motion to dismiss is treated as either a "facial or factual challenge to the court's subject matter jurisdiction." *Gould Electronics, Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000). A facial attack, such as in this case, "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because ... it does not present a question of federal law ...". *Constitution Party of Pennsylvania v. Aichele*, 757 F. 3d 347, 358 (3d Cir. 2014). In that regard, the court views only the allegations in the pleadings in the light most favorable to the plaintiff. *U.S. ex Rel. Atkinson v. PA. Shipbuilding Co.*, 473 F. 3d 506, 509 (3d Cir. 2007).

Defendants also move to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). Rule 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court accepts well-pleaded allegations contained in the Complaint as true, viewing the allegations in the light most favorable to the Plaintiff. *Letherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). For a plaintiff to survive a Rule 12(b)(6) motion, a plaintiff is obligated to provide factual allegations that are sufficient to raise a right to relief above the speculation that all of the allegations in the complaint are true and that are facially plausible on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 1959 (2007). A complaint is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "sheer possibility that the defendant has

acted unlawfully" will not satisfy the plausibility requirement. *Id.* (quoting *Twombly*, 550 U.S. 544 at 127). A complaint cannot simple state legal conclusions or recite elements of a cause of actions in order to be sufficient. *See Twombly*, 550 U.S. at 555.

Additionally, it is well recognized that the pleading standards required by *pro se* plaintiffs in a complaint are less stringent than the formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). Therefore, "[c]ourts are to construe complaints so "as to do substantial justice," Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally. *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting *Dluhos v. Strasberg*, 321 F. 3d 365,369 (3d Cir. 2003)).

### III. DISCUSSION

#### A. Sovereign Immunity

At the outset, Plaintiff asserts claims under "Article III of the United States Constitution, Article 5 of the United States Constitution, Due Process Clause, The Brady Doctrine, 8 U.S.C. 1324c(a), 18 U.S.C. 371, 18 U.S.C. 1621." ECF No. 1 at 3. As none of these constitutional provisions, statutes, or doctrines provide Plaintiff an appropriate cause of action and because Plaintiff is proceeding *pro se*, the Court construes his claims as having been asserted under 42 U.S.C. § 1983.

Before the Court can consider the merits of Plaintiff's claims, Moving Defendants' assertion of sovereign immunity must be addressed. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Moving Defendants argue that they are immune from suit, and that none of the exceptions to immunity apply.

The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State School and Hospital v.*

5

*Halderman,* 465 U.S. 89, 100 (1984). Thus, based on the doctrine of sovereign immunity, states cannot be sued in federal court, unless Congress has abrogated that immunity or the State has waived it. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The consent to be sued "must be 'unequivocally expressed' in statutory text, and cannot simply be implied." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

First, the Court lacks subject matter jurisdiction over Plaintiff's § 1983 claims against the State, as it is protected by sovereign immunity, and none of its exceptions apply. Congress has not abrogated the State's immunity, nor is there any indication that the State has waived it. *See United States v. Testan*, 424 U.S. 392, 400-02 (1976). Accordingly, all of Plaintiff's claims against the State Defendants are dismissed with prejudice.

Second, Municipal Defendants also ask the Court to dismiss Plaintiff's claims against the Municipal Court on sovereign immunity grounds. Although the language of the Eleventh Amendment refers to only "states," arms of the state—including agencies, departments, and officials—are entitled to the protection of Eleventh Amendment immunity from suit when the state is the real party in interest. *See Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002); *see also Chisholm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001). Those entities, by their very nature, are so intertwined with the state that any suit against them renders the state the real, substantial party in interest. *See Maliandi v. Montclair State Univ*., 845 F.3d 77, 83 (3d Cir. 2016). Where there is no precedent that a particular agency, as a matter of law, is an arm of the state for sovereign immunity purposes, courts employ a fact-intensive, three-step balancing test, first set out in *Fitchik v. New Jersey Transit Rail Operations, Inc*., to ascertain

whether a state-affiliated entity is an arm of the state that falls within the ambit of the Eleventh Amendment. 873 F.2d 655, 659 (3d Cir. 1989).

The *Fitchik* factors are (1) funding: whether the state treasury is legally responsible for an adverse judgment entered against the alleged arm of the state; (2) status under state law: whether the entity is treated as an arm of the state under state case law and statutes; and (3) autonomy: whether, based largely on the structure of its internal governance, the entity retains significant autonomy from state control. *Id.* Each factor involves a fact-intensive inquiry. *See Maliandi*, 845 F.3d at 84 (quoting *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 546 (3d Cir. 2007) (internal quotations omitted)). The court balances the factors to determine whether an entity amounts to an arm of the state. *See Fitchik*, 873 F.2d at 664; *Maliandi*, 845 F.3d at 84. All three *Fitchik* factors are weighed equally; however, the funding factor typically breaks the tie in a close case. *See Maliandi*, 845 F.3d at 84; *Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229–30 (3d Cir. 2006); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 239–240 (3d Cir. 2005). The party asserting the immunity has the burden of production and persuasion. *See Bowers*, 475 F.3d at 546 & n.25; *Christy v. Pa.Turnpike Comm'n*, 54 F.3d 1140, 1144 (3d. Cir. 1995).

In the present case, Municipal Defendants omit the first *Fitchik* factor and argue that the second two factors weigh in favor of finding that the Elizabeth Municipal Court is an arm of the state. They argue that "[a]lthough the municipal court is located in the City of Elizabeth and the judge would be appointed by the local political body, the entire control and administration of the municipal court is controlled by the State of New Jersey pursuant to its Constitution." ECF No. 11-1 at 3. In support of this claim, they point to purported examples of the State's control over the municipal courts and cite to the New Jersey Constitution, which states that "[t]he judicial powers shall be vested in a Supreme Court, a Superior Court *and other courts of limited*

7

*jurisdiction…*" N.J. Const. Art. VI, § I (emphasis added). They argue that the New Jersey Constitution confers upon the New Jersey Supreme Court the power to "…make rules governing the administration of all courts in the state subject to the law practice and procedure in all such courts." *Id.* at Art. VI, § II, para. 3. From this "constitutional scheme," Municipal Defendants state that it is "perfectly clear…that the municipal court in the State of New Jersey is not independent from the State and can hardly be regarded as having significant autonomy from the Supreme Court of the State of New Jersey." ECF No. 11-1 at 5.

The Third Circuit has clearly rejected similar arguments, however. In *Kirkland v. Dileo*, plaintiffs, a married couple, sued the City of Linden and a municipal judge in connection with the alleged mishandling of their criminal trial. 581 F. App'x 111 (3d Cir. 2014). The municipal court judge moved to dismiss on the grounds that he, as an employee of the Linden Municipal Court, should enjoy Eleventh Amendment Immunity. Analyzing the first *Fitchik* factor, the court noted that the "Complaint is plainly devoid of allegations as to whether payment of any judgment arising from the suit would come from the state treasury" and that defendant had "not opine[d] on whether the Treasury of the State of New Jersey would be liable for any judgment arising from this suit, and in fact, fail to deny this allegation." *Id.* at 117. The court added that "the Appellants' failure to address the first factor, despite having the burden to prove their entitlement to sovereign immunity," "tend[s] to suggest that the Linden Municipal Court is not an arm of the State, but is more akin to a local entity or a municipal subdivision for Eleventh Amendment purposes." *Id.* (citing *Fitchik*, 873 F.2d at 661). The court was also not convinced by defendant's arguments as to the second and third *Fitchik* factors, that the "status of the Linden Municipal Court as part of a unified state-wide judicial system" made the "judicial power exercised by municipal court judges…the judicial power of the State." *Id.* (internal citation

omitted). The court concluded that these allegations, "even as supplemented by judicial notice, do not compel a conclusion that the [Plaintiffs] cannot surmount the Eleventh Amendment barrier." *Id.* (internal citation omitted).

Here, Municipal Defendants similarly do not address the first *Fitchik* factor and make nearly identical arguments about the second and third factors as the defendants advanced in *Kirkland*. As to the first factor, neither the Complaint nor Municipal Defendants' brief contain any information from which the Court can infer that the payment of any judgment would come from the State. This, by itself, tends to suggest that the Elizabeth Municipal Court is not an arm of the state. As to the second and third factors, it is not sufficient, as it was not in *Kirkland*, for Municipal Defendants to argue that the Elizabeth Municipal Court is part of the statewide judicial system and that the State exercises supervisory authority over the court and its judges. Municipal Defendants have, therefore, not demonstrated that the Elizabeth Municipal Court is entitled to Eleventh Amendment immunity.

Thus, the doctrine of sovereign immunity bars Plaintiff's claims against the State of New Jersey, but it does not bar the claims against the Elizabeth Municipal Court.

### B. Judicial Immunity

Municipal defendants also argue that Plaintiffs' claims against Judge Montes should be dismissed due to judicial immunity. "The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). Following the Supreme Court's guidance, the lower courts "must engage in a two-part inquiry to determine whether judicial immunity is applicable." *Ibid*. "'First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's

9

judicial capacity.'" *Id.* at 768 (quoting *Mireles*, 502 U.S. at 11). "'Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Id.* "With respect to the first inquiry, 'the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Id.* at 768–69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). The courts must "'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id.* at 769 (quoting *Forrester v. White*, 484 U.S. 219, 227 (1988).

"With respect to the second inquiry, we must distinguish between acts in the "clear absence of all jurisdiction," which do not enjoy the protection of absolute immunity, and acts that are merely in "excess of jurisdiction," which do enjoy that protection" *Id.* at 769 (citing *Stump*, 435 U.S. at 356 n. 6). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356–57).

Here, it appears that the only allegation aimed squarely at Judge Montes is that Defendant Carroll "had ex parte communication with THE COURT(Roman Montes)." ECF No. 1 at 4. It is settled law, however, that ex parte communications, even if the result of "bias, bad faith, or malice…remain well within the scope of judicial immunity." *Marangos v. Swett*, No. 07-5937, 2008 WL 4508753, at *8 (D.N.J. Sept. 29, 2008), *aff'd*, 341 F. App'x 752 (3d Cir. 2009); *see also Fake v. City of Philadelphia*, 704 F. App'x 214, 217 (3d Cir. 2017), *cert. denied sub nom.*, 138 S. Ct. 754 (2018). To the extent that Plaintiff also asserts claims against Judge Montes in

connection with the Judge's handling of the case against Plaintiff, these are also barred by judicial immunity. *See Fake*, 704 F.App'x at 217.

Thus, Judge Montes has absolute judicial immunity in this action, and Plaintiff's claims against him are, therefore, dismissed.

### C. Prosecutorial Immunity

Municipal Defendants assert that Defendant Carroll is absolutely immune from suit based on his role as Elizabeth Municipal Prosecutor. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Here, the allegations in the Complaint in this context are barebones, but Plaintiff states that Carroll conducted a "malicious prosecution," a "selective prosecution," and "had ex parte communications with the court." ECF No. 1 at 4. These allegations alone, however, do not provide the Court any reason to suspect that Carroll was acting in any other capacity than in his role as prosecutor. These alleged acts were undertaken by Carroll in the course of criminally prosecuting Plaintiff and in his role as an advocate for the State. Carroll is, therefore, entitled to absolute immunity from the claims raised in Plaintiff's Complaint.

### D. Elizabeth Municipal Court and Elizabeth Police Department are Not Entities That Can Be Sued Under Section 1983

Municipal Defendants argue that Plaintiff's claims against the Elizabeth Police Department should be dismissed because it is not an entity that can be sued under Section 1983.

In New Jersey, a municipal police department is not an entity separate from the municipality, N.J. Stat. Ann. § 40A:14–118 (municipal police department is "an executive and enforcement function of municipal government"); therefore, the Elizabeth Police Department is not a proper defendant in this action, and Plaintiff's claims against it must be dismissed. *See McGovern v. Jersey City*, No. 98–5186, 2006 WL 42236 at *7 n.4 (D.N.J. Jan. 6, 2006) (police departments cannot be sued in conjunction with municipalities because police departments are administrative arms of local municipalities, not separate entities), *Padilla v. Twp. of Cherry Hill*, 110 Fed.Appx. 272, 278 (3d Cir.2004) (same), *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D.Pa.2001) (same).

Although Municipal Defendants fail to raise the same argument with respect to the Elizabeth Municipal Court, I *sua sponte* find that it is also not a party that can be sued under Section 1983. *See Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (ruling that a municipal court is not a "'person' capable of being sued under § 1983"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989).

Thus, Plaintiff's claims against the Elizabeth Police Department and the Elizabeth Municipal Court are dismissed with prejudice.

### E. *Monell* Claim Against City of Elizabeth

It appears that Plaintiff attempts to assert a *Monell* claim against the City of Elizabeth. Section 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Padilla v. Twp. of Cherry Hill,* 110 Fed. Appx. 272, 278 (3d Cir.2004) (citation omitted). Unlike unincorporated police departments or municipal courts, municipalities are legal entities amenable to suit for their unconstitutional policies or customs. *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 690 (1978). To recover

against a municipality, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort." *Hansell v. City of Atlantic City,* 152 F.Supp.2d 589, 609 (D.N.J.2001). A municipality may also be liable if an employee acts unconstitutionally and the municipality failed to adequately train or supervise that employee. *City of Canton v. Harris,* 489 U.S. 378, 380 (1989).

Here, Plaintiff alleges that "The City of Elizabeth failed to provide safeguards so prevent this from happening as well as failed to provide adequate training for the Elizabeth Police Department." ECF No. 1 at 4. Beyond these conclusory allegations, however, the Complaint does not "identify a custom or policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir.2009), assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc*., 503 F.3d 247, 249 (3d Cir.2007) (internal quotations omitted), or "identify specific deficiencies in any training program to which Defendants might have responded." *Ianuale v. Borough of Keyport*, No. 16-9147, 2017 WL 3503332, at *3 (D.N.J. Aug. 16, 2017).

Thus, Plaintiff's claims against the City of Elizabeth are dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss Plaintiff's Complaint are **GRANTED**.

Dated: September 19, 2018                    /s/ Freda L. Wolfson
                                             Hon. Freda L. Wolfson
                                             United States District Judge